UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ANTHONEY E. THORNTON                                               Plaintiff

v.                                                Civil Action No. 3:20-cv-P60-RGJ

ANGELA HIMLER, et al.                                      Defendants

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Anthoney E. Thornton, *pro se*, initiated this *in forma pauperis* action by filing a 42 U.S.C. § 1983 complaint. This case is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, some claims will be allowed to proceed, and Plaintiff will be allowed to amend his complaint.

**I.**

Plaintiff, an inmate at the Kentucky State Reformatory (KSR), names as Defendants KSR Nurses Angela Himler, Jennifer Coles, and Christina Lyons, and University of Louisville Hospital Doctors Christopher Compton and Royce D. Coleman. All Defendants are named in their individual capacities. He alleges that during a fight on December 14, 2018, his prosthetic eye was pushed back in his eye socket; that KSR medical staff tried to remove the prosthetic but could not; that he was then sent to the University of Louisville Hospital and seen by Dr. Compton and Dr. Coleman; and that the KSR medical staff and the University of Louisville medical staff "made a meeting of the minds not to remove the prosthesis from my eye." He states that he is now wearing two prostheses and that this causes me "more pain than I can

stand." He requests monetary damages, and the Court liberally construes the complaint as also seeking injunctive relief in the form of medical treatment.

On initial review, the Court will allow the Eighth Amendment claims to go forward against Defendants Compton and Coleman. However, the complaint makes no specific mention of the other Defendants, the KSR nurses.

The Court will allow Plaintiff 30 days to amend his complaint to specify what actions Defendants Himler, Coles, and Lyons took that allegedly violated his Eighth Amendment rights.

## II.

For the foregoing reasons,

**IT IS ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may amend the complaint** to specify what actions Defendants Himler, Coles, and Lyons took that allegedly violated his Eighth Amendment rights. The Clerk of Court is **DIRECTED** to place the case number and word "Amended" on a § 1983 complaint form and send it to Plaintiff for his use should he wish to amend the complaint.

After the time for amendment has passed, the Court will enter a separate Order for service and to govern the development of the ongoing claims.

Date:

cc: Plaintiff, *pro se*
 Defendants
A961.009