UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ANTHONEY E. THORNTON                                                                                   Plaintiff

v.                                                                              Civil Action No. 3:20-cv-P60-RGJ

ANGELA HIMMLER, et al.                                                                              Defendants

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

      Before the Court is the Motion to File Portions of Plaintiff's Medical Records Under Seal filed by Defendants Jennifer Coles, Angela Himler, and Christina Lyons (DN 37). Defendants argue that the selected medical records are critical to support their motion for summary judgment (DN 36) and that sealing them is "required due to their containing healthcare information unrelated to the claims or defenses asserted in this litigation, and due to the Plaintiff's privacy rights and the requirements of the Health Information Portability and Accountability Act (HIPAA)." They additionally assert that redacting the unrelated healthcare information would impose an undue burden due to their "voluminous nature." They alternatively request twenty-one days from entry of an Order denying their motion to seal to perform the necessary redactions. The attached records are 42 pages in length.

      Plaintiff has not filed a response.

      "The Court may not grant [D]efendants' motion to seal simply because it is unopposed." *Rucker v. Lindamood*, No. 1:16-CV-00090, 2020 WL 5946895, at \*2 (M.D. Tenn. Oct. 6, 2020). Nor does a mere reference to HIPAA mean that the Court should automatically grant the motion to seal. *See Tyson v. Regency Nursing*, LLC, No. 3:17-CV-91-DJH, 2018 WL 632063, at \*1 (W.D. Ky. Jan. 30, 2018).

"[P]laintiffs who place their medical condition at issue waive any applicable privileges or statutory protections that their medical records would have otherwise had." *Id*.  It is well established that "'[t]he public has a strong interest in obtaining the information contained in the court record[,]'" and there is a "'strong presumption'" that court records be open.  *Shane Grp. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (first alteration in original) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179-80 (6th Cir. 1983)).  Because of this presumption, "[t]he proponent of sealing . . . must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id*. at 305-06 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)).

Here, Plaintiff has put his medical condition at issue by alleging that Defendants were deliberately indifferent to his serious medical need related to the purported injury to his right eye on December 14, 2018.  The medical records Defendants move to seal are related to that alleged injury.  Additionally, Defendants have not provided the detailed, document-by-document analysis complete with legal citations required by Sixth Circuit precedent.  *See Shane Grp.*, 825 F.3d at 305-06.  Accordingly,

**IT IS ORDERED** that Defendants' motion to seal (DN 37) is **DENIED**.  The Court **GRANTS** Defendants request for a **21-day period** in which to redact the documents.  Therefore,

**IT IS FURTHER ORDERED** that **within 21 days** of entry of this Memorandum Opinion and Order Defendants must file the redacted documents.

Date:  June 10, 2021

*[signature]*
Rebecca Grady Jennings, District Judge
United States District Court

cc:   Plaintiff, *pro se*
      Counsel of record
A961.009